### DEN, EX DEM. SECQUIL, v. MOORE AND DRAYTON.

A devises in these words, "a tract of land to my son B, to have and to hold to him, his heirs and assigns, forever;" another tract to his son C in the same words, and a third, in the same manner, to his son D, and afterwards added, "but if either of my sons above named die without issue, that the premises given to him or them dying as aforesaid, shall go to him or them that survive"—these words create an estate tail.

In ejectment for lands in Cumberland county. A special verdict had been found in this case at the Cumberland Nisi Prius, from which it appeared that the question arose upon the will of Lancet Secquil, the elder, dated May 3d, 1759, in which he devises to his son, Jonathan Secquil, a certain tract of land, "to have and to hold to him, his heirs and assigns, forever;" to his son Lancet Secquil, certain other lands, "to have and to hold to him, his heirs and assigns, forever;" and to his son Jonadab Secquil, a certain other tract, "to have and to hold to him, his heirs and assigns, forever." The residue of his estate (not given to his wife,) he gives to his seven daughters, naming them, equally to be divided, and

then adds, " my will is, if either of my daughters above named should die without issue, her or their proportion be divided between the surviving sisters only; and lastly, my will is, if either of my sons above named die without issue, the premises given to him or them dying as aforesaid, shall go to him or them that survive." After the death of the testator the three sons entered and were seized of the lands respectively devised to them. Jonadab died on the 1st of January, 1778, intestate, leaving an only daughter, his heir-at-law, now living.

Lancet, (the son,) died the 1st of April, 1793, without issue. Jonathan survived his two brothers and is the lessor of the plaintiff.

The verdict further finds that on the 4th of February, 1789, Lancet, (the son,) conveyed the premises devised to him to Moore, the defendant, in fee, who entered, &c.

The only question made on this verdict was, whether Lancet Secquil, (the son,) took an estate in fee-simple or in fee-tail in the premises devised to him by his father. If he took an estate in fee-simple, the title was now in the defendants; if [387] only an estate tail passed under the will of 1759, then Jonathan, who survived his brothers, claimed the premises as a remainder in fee to him, as such survivor.

The case was submitted to the court without argument, *L. H. Stockton*, for the plaintiff, drawing their attention, however, to the cases of *Webb* v. *Hearing*, *Cro. Jac.* 415, and *Chaddock* v. *Crowley*, *Ib.* 695.

PER CUR. The terms of the devise clearly created an estate tail (a) in Lancet (the son), and he dying without issue in the lifetime of his brother Jonathan, Jonathan, the only survivor, took the estate in fee.

*R. Stockton* and *L. H. Stockton*, for plaintiff.

*Giles* and *Woodruff*, for defendant.

NOTE.—This cause was afterwards removed by a writ of error before the governor and council, where the judgment of the Supreme Court was affirmed.

(a) In the case of *Fosdick* v. *Cornell*, 1 *Johns.* 439, C, by his last will, after charging his estate with the payment of a debt, providing for his wife, &c., devised his real estate to his four sons, and a daughter, E, and then added : "Further, my mind and will is, that if any of my said sons shall happen to die without heirs (male) of their own bodies, that then the lands shall return to the survivors, and be equally divided among them." After argument, and a careful examination of the leading cases of a similar kind, the court held that these words did not create an estate tail, but a limitation over in fee to the survivors, on the failure of the male heirs. The court say the devise over is good as an executory devise, and will not, in any way, affect or qualify the prior clause in the will wherein a fee-simple is devised. The same doctrine was held by the same court, in the subsequent case of *Jackson* v. *Blansham*, 3 *Johns.* 292.

CITED *in Den* v. *Schenck*, 3 *Hal.* 29; *Den* v. *Allaire, Spenc.* 15–21.

